VORON v. CHAIT et al.    (No. 6348.)

(Supreme Court, Appellate Division, First Department.    December 11, 1914.)

1. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—IRRELEVANT MATTER.

In an action on behalf of a corporation, by an officer and director
thereof, to compel another officer and director to account for his inter-
ference with the funds of the corporation, allegations that defendant had
charged plaintiff with fraud, and that plaintiff was dishonest in his
transactions with the company and with his customers, and made cer-
tain representations to customers, were immaterial, and should have been
stricken from denials contained in the answer, on motion, as plaintiff's
dishonesty or fraud had no relation to a claim that defendant had been
guilty of similar acts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162;
Dec. Dig. § 364.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 365*)—STRIKING OUT ALLEGATIONS—IRRELEVANT MATTER.

On a motion to strike immaterial allegations from denials in the answer, it was immaterial that the allegations of the complaint denied were also immaterial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1163–1172; Dec. Dig. § 365.*]

Appeal from Special Term, New York County.

Action by Isaac Voron against Sabbatia Chait and another. From an order denying a motion to strike out certain allegations in the answer as irrelevant and scandalous, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

Alexander Thain, of New York City, for appellant.
Alvin C. Cass, of New York City, for respondents.

INGRAHAM, P. J. Motion was originally made to strike from the amended answer two allegations which were inserted in denials of allegations of the complaint, and also certain allegations which were inserted in a defense and counterclaim. Subsequent to the entry of this order the plaintiff demurred to the answer alleging the separate defense and counterclaim, and that demurrer was subsequently sustained, and from that the defendants have not appealed. As to these allegations, no question is presented on this appeal, as, the demurrer to the separate defense and counterclaim having been sustained, that defense and counterclaim were eliminated from the answer, and for that reason an appeal from another order involving the defense and counterclaim has been dismissed.

[1] The only question on this appeal is whether the allegations annexed to the denials in the second and fourth paragraphs of the answer should have been stricken out. In the second paragraph the answer alleges:

"II. Answering the allegations contained in paragraph XVI, defendant denies the same. * * *"

That is a good denial and properly pleaded. The further allegation in that clause in the answer, however, has no relevancy to any allegation contained in the complaint, is no defense to any cause of action there alleged, and to be available at all to the defendant it was necessary to allege it as a separate defense. Whether or not the defendant charged the plaintiff with fraud is entirely immaterial. It could not affect the right of the plaintiff, suing as a representative of the corporation, to compel the individual defendants to account for interference with the funds and property of the corporation of which he was an officer and a director. It is entirely clear, therefore, that this allegation was improperly inserted in the answer and should have been stricken out.

The same applies to the fourth paragraph of the answer, wherein the defendant denies the allegations in paragraph XVIII of the complaint and adds an allegation that the plaintiff "was dishonest in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his transactions, both with the company and with his customers, and that he did make representations to customers as to the quality of the goods sold to them." This also is entirely immaterial as relating to the plaintiff's cause of action. As before stated, the plaintiff is not seeking to enforce any right as an individual, but he is suing in behalf of the corporation, of which both are officers and directors, to compel the defendant to account for his acts as officer and director of the corporation.

[2] It is also quite immaterial whether the clause of the complaint which this denies was at all material. The defendant could either admit or deny the allegation of paragraph XVIII of the complaint; but alleging that the plaintiff was dishonest and had defrauded the corporation had no relation to a claim that the defendant had also so acted.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to strike out these clauses in the second and fourth paragraphs of the answer granted, with $10 costs. All concur.